UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 10, 2020

LETTER TO COUNSEL

    RE:    *Jonathan S. v. Saul*
             Civil No. DLB-18-3469

Dear Counsel:

    W. James Nicoll has filed a request for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with the representation of plaintiff before the Court. ECF No. 16. In response, the Commissioner asked the Court to consider whether the requested amount constitutes a reasonable fee. ECF No. 17. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the request for attorney's fees is GRANTED.

    On May 20, 2019, the Court remanded plaintiff's case by consent. ECF No. 15. Plaintiff subsequently received an Award Notice, in which he was awarded $70,488.00 in past due benefits. ECF No. 16-1 at 2. On July 20, 2020, Mr. Nicoll filed a petition for attorney's fees, seeking $1,800.00. ECF No. 16. Mr. Nicoll states that he did not apply for, and did not receive, fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 16 at 6. Therefore, there are no fees to reimburse to plaintiff. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

    The Act authorizes a reasonable fee for successful representation before the Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

*Jonathan S. v. Saul*
Civil No. DLB-18-3469
September 10, 2020
Page 2

Here, Mr. Nicoll requests $1,800.00 for 9 hours of work performed by his firm on plaintiff's case in federal court. ECF No. 16 at 4-5. If Mr. Nicoll receives the full amount of fees he requests, his fee for representation before the Court will effectively total $200.00 per hour. Therefore, Mr. Nicoll must show that an effective rate of $200.00 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807. Mr. Nicoll's typical hourly billing rate is $300.00. ECF No. 16 at 1. This is a presumptively reasonable hourly rate for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[1] This Court has routinely approved contingency fee agreements that produce higher hourly rates in successful Social Security appeals. *See, e.g.*, *Kim P. v. Saul*, Civil No. DLB-18-2056 (D. Md. July 13, 2020) (approving contingency fee agreement with effective hourly rate $440.59); *Geneva W. v. Comm'r, Soc. Sec. Admin.*, Civil No. 18-1812-DLB, 2020 WL 2732224 (D. Md. May 26, 2020) (approving contingency fee agreement with effective hourly rate $422.36); *Debra J. v. Comm'r, Soc. Sec. Admin.*, Civil No. DLB-17-2904 (D. Md. Feb. 5, 2020) (approving contingency fee agreement with effective hourly rate $1,000.00). Thus, the requested fee in this case is reasonable and should be approved.

For the reasons set forth herein, this Court GRANTS the attorney's fee request. ECF No. 16. This Court will award Mr. Nicoll attorney's fees totaling $1,800.00.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge

---

[1] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App'x B (D. Md. 2018). Currently, Mr. Nicoll has over twenty-one years of experience, ECF No. 16 at 6, and the presumptively reasonable hourly rate for attorneys admitted to the bar for twenty years or more is between $300.00 and $475.00, Loc. R. App'x B.